SOL: DH
(09) 30468

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

---

HILDA L. SOLIS, Secretary of Labor,
United States Department of Labor

        Plaintiff,

    v.

SCA RESTAURANT CORP. d/b/a
LUIGI Q ITALIAN RESTAURANT, a Corporation;
and LUIGI QUARTA, Individually and as Owner,

        Defendants.

---



File No.

Civil Action

CV-09 2212

BIANCO, J.
BOYLE, M.

## COMPLAINT

Plaintiff, HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, brings this action under Sections 16(c) and 17 of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201, et seq.) ("the Act"), alleging that defendants violated Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act.

I

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and 28 U.S.C. Sections 1331 and 1345.

II

Defendant SCA RESTAURANT CORP. d/b/a LUIGI Q ITALIAN RESTAURANT is a corporation duly organized under the laws of the State of New York, and having its principal office and place of business at 400B South Oyster Bay Road, Hicksville, NY 11801 within the jurisdiction of this court, where it operates as a restaurant.

III

The defendant corporation regulates all persons employed by it, acts directly and indirectly in the corporation's interest in relation to its employees, and thus is an employer of the employees within the meaning of Section 3(d) of the Act.

IV

Defendant LUIGI QUARTA, who maintains a place of business at 400B South Oyster Bay Road, Hicksville, NY 11801 within the jurisdiction of this court, is owner of the defendant corporation, in active control and management of defendant corporation's said restaurant, regulates the employment of persons employed by defendant corporation at said restaurant, acts directly and indirectly in the interest of defendant corporation in relation to the employees, and thus is an employer of the employees within the meaning of Section 3(d) of the Act.

V

The business activities of the defendants are related and performed through unified operation or common control for a common business purpose and constitute an enterprise within the meaning of Section 3(r) of the Act.

VI

Defendants employ employees at their place of business in the activities of an enterprise engaged in commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce. The enterprise has had an annual gross volume of sales made or business done in an amount not less than $500,000.00. Therefore, the employees are employed in each enterprise engaged in commerce within the meaning of Section 3(s)(1)(A) of the Act.

VII

Defendants in many workweeks willfully and repeatedly have violated the provisions of Sections 7 and 15(a)(2) of the Act by employing many of their employees employed in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than those prescribed in Section 7 of the Act without compensating the employees for their employment in excess of the prescribed hours at rates not less than one and one-half times the regular rates at which they were employed. Therefore, defendants are liable for unpaid overtime compensation and an equal amount in liquidated damages under Section 16(c) of the Act, or, in the event liquidated damages are not awarded, unpaid overtime compensation and prejudgment interest on said unpaid overtime compensation under Section 17 of the Act.

VIII

Defendants willfully and repeatedly have violated the provisions of Sections 11(c) and 15(a)(5) of the Act, in that defendants failed to make, keep, and preserve adequate and accurate records of their employees and of the wages, hours, and other conditions of employment which they maintained as prescribed by the Regulations issued and found at 29 C.F.R. Part 516; more specifically, defendants failed to make, keep, and preserve any records of wages paid with respect to many of their employees, and the records that defendants did keep failed to show adequately and accurately, among other things, the hours worked each workday, the total hours worked each workweek, the total earnings for each workweek, and/or the total overtime compensation for each workweek, with respect to many of their employees.

IX

Defendants since May 25, 2006 willfully and repeatedly have violated the provisions of the Act as alleged above.

WHEREFORE, cause having been shown, plaintiff prays for judgment against defendants providing the following relief:

(1)  For an injunction issued pursuant to Section 17 of the Act permanently restraining defendants, their officers, agents, servants, employees, and those persons in active concert or participation with defendants, from violating the provisions of Sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act; and

(2) For an order pursuant to Section 16(c) of the Act finding defendants liable for unpaid overtime compensation found due defendants' employees listed on the attached Exhibit A and an equal amount of liquidated damages (additional unpaid overtime compensation and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this Complaint); or,

(3)  In the event liquidated damages are not awarded, for an injunction issued pursuant to Section 17 of the Act restraining defendants, their officers, agents servants, employees, and those persons in active concert or participation with defendants, from withholding the amount of unpaid overtime compensation found due defendants' employees and prejudgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621; and

(4)  For an order awarding plaintiff the cost of this action; and

(5)  For an order granting such other and further relief as may be necessary and appropriate.

DATED:  May 21, 2009
New York, New York

*Carol A. De Deo*
CAROL A. De DEO
Deputy Solicitor for National Operations

*Patricia M. Rodenhausen*
PATRICIA M. RODENHAUSEN
Regional Solicitor

*Daniel Hennefeld*
DANIEL HENNEFELD
Attorney
DH (8031)

U.S. Department of Labor,
Attorneys for Plaintiff.

POST OFFICE ADDRESS:

Patricia M. Rodenhausen
Regional Solicitor
U.S. Department of Labor
201 Varick Street, Room 983
New York, New York 10014
Tel. (646) 264-3688
Fax (646) 264-3660

# Exhibit A

Santos Pastor Alfaro
Melvin Isidro Banegas
Juan Carlos Cantos Chavez
Jeffrey Chavez
Walter Naranjo
Alex Torres
Alexander Zambranos